## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No.:

**JARRED JONATHON LAYNE,**

    **Plaintiff,**                                                      **COMPLAINT**

**v.**

**EXPERIAN INFORMATION
SOLUTIONS INC., EQUIFAX
INFORMATION SERVICES LLC,
TRANS UNION LLC,**

                                                   **DEMAND FOR JURY TRIAL**

    **Defendants.**
_____/

## COMPLAINT

Plaintiff, Jarred Jonathon Layne ("Plaintiff"), by and through counsel, files this Complaint against Experian Information Solutions Inc. ("Experian"), Equifax Information Services LLC ("Equifax"), and Trans Union LLC ("Trans Union") pursuant to the Fair Credit Reporting Act, 15 USC §1681 *et seq.* ("FCRA").

### JURISDICTION AND VENUE

1.      Jurisdiction of this Court arises under 15 U.S.C. §1681p, 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

2.      Venue in this District is proper because Plaintiff resides here, Defendants transact business here, and the complained conduct of Defendants occurred here.

### DEMAND FOR JURY TRIAL

3.      Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

### PARTIES

4.      Plaintiff is a natural person, and a citizen of the State of Florida, residing in Broward

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

County, Florida.

5.      Defendant Experian is an Ohio corporation whose registered agent in Florida is CT Corporation System, 1200 South Pine Island Road, Plantation, Florida 33324. Defendant Experian is a consumer reporting agency ("CRA") as defined by FCRA, 15 USC §1681a(f).

6.      Defendant Equifax is a Georgia Limited Liability Company whose registered agent in Florida is Corporation Service Company, 1201 Hays Street, Tallahassee, FL 32301. Equifax is a consumer reporting agency ("CRA") as defined by FCRA, 15 USC §1681a(f).

7.      Defendant Trans Union is a Delaware Limited Liability Company whose registered agent in Florida is Corporation Service Company, 1201 Hays Street, Tallahassee, Florida 32301. Defendant Trans Union is a consumer reporting agency ("CRA") as defined by FCRA, 15 USC §1681a(f).

## GENERAL ALLEGATIONS

8.      This action involves derogatory and inaccurate reporting of an alleged debt by Comenity Capital Bank (the "CCB Account") to the Credit Reporting Agencies, Defendants Experian, Equifax, and Trans Union.

9.      The FCRA prohibits furnishers of credit information from falsely and inaccurately reporting consumers' credit information to credit reporting agencies. The FCRA is intended "to protect consumers from the transmission of inaccurate information about them, and to establish credit reporting practices that utilize accurate, relevant, and current information in a confidential and responsible manner." The FCRA was enacted "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy."

10.     Section 1681s-2(b) imposes a second category of duties on furnishers of information.

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

11.     This obligation is triggered upon "notice of dispute"-- that is, when a person who furnished information to a CRA receives notice from the CRA that the consumer disputes the information. *See* § 1681i(a)(2) (requiring CRA's promptly to provide such notification containing all relevant information about the consumer's dispute). Subsection 1681s-2(b) provides that, after receiving a notice of dispute, the furnisher shall:

> (A) conduct an investigation with respect to the disputed information;
>
> (B) review all relevant information provided by the [CRA] pursuant to section 1681i(a)(2)...;
>
> (C) report the results of the investigation to the [CRA];
>
> (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other [CRAs] to which the person furnished the information...; and
>
> (E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph(1)...(i)modify... (ii)delete [or] (iii)permanently block the reporting of that item of information [to the CRAs].

12.     Any furnisher who negligently fails to comply with any of its investigation duties is liable to the consumer for actual damages, the costs of litigation, and attorney fees. If the violation is willful, the furnisher is liable for actual damages or minimum statutory damages up to $1000, for punitive damages, as well as for costs and attorney fees.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 |  Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

**Background**

13.     The car of Plaintiff's girlfriend was broken into and Plaintiff's personal items along with his credit cards were stolen.

14.     Plaintiff filed a police report to document the stolen items.

15.     After the theft, Plaintiff discovered that around $7,000 of unauthorized charges were made on the CCB Account.

16.     The fraudulent CCB Account charges do not belong to Plaintiff.

17.      Plaintiff disputed the fraudulent charges on the CCB Account to Defendants Experian, Equifax, and Trans Union.

18.     Defendants Experian, Equifax, and Trans Union verified the fraudulent charges on the CCB Account as accurate and did not correct the inaccuracy.

**Experian**

19.     In or about April 2024, Plaintiff discovered the fraudulent CCB Account charges on his Experian credit report.

20.     In or about April 2024, Plaintiff disputed the fraudulent charges on the CCB Account with Defendant Experian requesting removal of the fraudulent charges on the CCB Account.

21.     In or about May 2024, Defendant Experian verified that the fraudulent CCB Account charges were accurate and did not remove the CCB Account charges from Plaintiff's credit report.

22.     Plaintiff's credit score has dropped as a result of Defendant Experian's inaccurate reporting of the CCB Account charges.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 |  Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

23.     As of the filing of this complaint, Defendant Experian is still reporting the fraudulent CCB Account charges on Plaintiff's Experian credit report.

## Equifax

24.     In or about April 2024, Plaintiff discovered the fraudulent CCB Account charges on his Equifax credit report.

25.      In or about April 2024, Plaintiff disputed the fraudulent CCB Account charges with Defendant Equifax requesting removal of the fraudulent CCB Account charges.

26.     In or about May 28, 2024, Defendant Equifax verified that the fraudulent CCB Account charges were accurate and did not remove the CCB account charges from Plaintiff's credit report.

27.     Plaintiff's credit score has dropped as a result of Defendant Equifax inaccurate reporting of the fraudulent CCB Account charges.

28.     As of the filing of this complaint, Defendant Equifax is still reporting the fraudulent CCB Account charges on Plaintiff's Equifax credit report.

## Trans Union

29.     In about April 2024, Plaintiff discovered the fraudulent CCB Account charges on his Trans Union credit report.

30.     In or about April 2024, Plaintiff disputed the fraudulent CCB Account charges with Defendant Trans Union requesting removal of the fraudulent CCB Account charges.

31.     In or about May 2024, Defendant Trans Union verified the fraudulent CCB Account charges as accurate and did not remove the fraudulent CCB Account charges from Plaintiff's credit report.

32.     Plaintiff's credit score has dropped as a result of Defendant Trans Union's inaccurate reporting of the CCB Account.

33.     As of the filing of this complaint, Defendant Trans Union is still reporting the fraudulent CCB Account on Plaintiff's Experian credit report.

## COUNT 1
## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
(Against Defendant Experian)

34.     Plaintiff incorporates by reference the allegations regarding Defendant Experian in paragraphs ¶¶ 1-33 of this Complaint.

35.     Defendant Experian prepared and issued consumer credit reports concerning Plaintiff which previously included inaccurate and derogatory reporting of the fraudulent CCB Account charges and continues to include the same information concerning inaccurate and derogatory reporting of the CCB Account.

36.     In or around April 2024, Plaintiff disputed the inaccurate and derogatory CCB Account charges with Defendant Experian.

37.     In or about May 2024, Defendant Experian verified that the fraudulent CCB Account charges were accurate on Plaintiff's credit report and failed to remove the fraudulent CCB Account charges.

38.     As of the filing of this complaint, the derogatory and inaccurate information is still listed on Plaintiff's Experian credit report.

39.     Defendant Experian is engaged in the business of credit reporting and is commonly referred to as a "Credit Bureau." Defendant Experian regularly obtains and analyzes financial information about consumer transactions or experiences with any consumer.

40.     Defendant Experian is a "consumer reporting agency" of consumers, as defined by § 1681a(f), and compiles the information into "credit reports," which it provides to third parties.

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

41.     Despite Defendant Experian having received Plaintiff's dispute of the fraudulent CCB Account charges, Defendant Experian continues to inaccurately report the fraudulent charges CCB Account as adverse account.

42.     Continuing to report the status of the fraudulent CCB Account charges in this fashion is significant.

43.     By continuing to report the status of the fraudulent CCB Account charges in this fashion, lenders believe Plaintiff has had a recent, major delinquency negatively reflecting on Plaintiff's creditworthiness by impacting her credit score negatively.

44.     Credit scoring algorithms take Plaintiff's account status into consideration when generating a credit score and showing this incorrect account status would cause a lower credit score to be generated.

45.     Defendant Experian failed to conduct a reasonable investigation and reinvestigation.

46.     Defendant Experian failed to review and consider all relevant information submitted by Plaintiff.

47.     Defendant Experian failed to conduct an independent investigation and, instead, deferred to CCB, when they permitted the derogatory information to remain on Plaintiff's credit report after Plaintiff's dispute.

48.     Defendant Experian possessed evidence that the information was inaccurate as described by Plaintiff in the Dispute; however, Defendant Experian failed to correct the information.

49.     Defendant Experian's reporting of inaccurate information about the CCB Account charges, which is the subject of the Dispute, despite evidence that said information is inaccurate demonstrates Defendant Experian's failure to establish or follow reasonable procedures to assure

the maximum possible accuracy of Plaintiff's credit reports and file.

50.     Defendant Experian did not conduct any independent investigation after it received Plaintiff's dispute and, instead, chose to parrot the information it received from CCB despite being in possession of evidence that the information was inaccurate.

51.     Without any explanation or reason, Defendant Experian continues to report this false, inaccurate, or otherwise incomplete information, about Plaintiff.

52.     Plaintiff has suffered damages as a result of the incorrect reporting and Defendant Experian's failure to correct the credit report pertaining to Plaintiff.

53.     On at least one occasion within the past year, by example only and without limitation, Defendant Experian violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure the maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

54.     Defendant Experian failed to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and credit files when investigating Plaintiff's disputes of the information contained in Plaintiff's Experian credit report.

55.     Defendant Experian's procedures were per se deficient by reason of these failures in ensuring the maximum possible accuracy of Plaintiff's credit reports and credit files.

56.     Defendant Experian has willfully and recklessly failed to comply with the FCRA. The failures of Defendant Experian to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] the failure to correct erroneous personal information regarding Plaintiff after a  reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccurate and  derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately investigate information which Defendant Experian had notice was

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

inaccurate; [e] the continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Defendant Experian to delete; and [h] the failure to take adequate steps to verify information Defendant Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

57.     The conduct, action, and inaction of Defendant Experian was willful, thereby rendering Defendant Experian liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

58.     Plaintiff is entitled to recover reasonable costs and attorney's fees from Defendant Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

59.     The appearance of the account on Plaintiff's credit report, namely, the account identified by Plaintiff in Plaintiff's dispute to Defendant Experian, was the direct and proximate result of Defendant Experian's willful failure to maintain reasonable procedures to ensure the maximum possible accuracy of Plaintiff's credit report in violation of the 15 U.S.C. § 1681e(b).

60.     As a result of the conduct, action, and inaction, of Defendant Experian, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

61.     WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Experian, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1640(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3] statutory damages pursuant to 15 U.S.C. § 1640(a)(2); [4] after reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such,

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

punitive damages pursuant to 15 U.S.C. § 1681n(a)(2); [5] costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1640(a)(3) and 1681n(a)(3); and [6] any other relief that this Court deems proper under the circumstances.

**COUNT 2**
**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT**
(Against Defendant Experian)

62.     Plaintiff incorporates by reference the allegations regarding Defendant Experian in paragraphs ¶¶ 1-33 above of this Complaint.

63.     On at least one occasion within the past year, by example only and without limitation, Defendant Experian violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation with respect to the disputed information.

64.     On at least one occasion within the past year, by example only and without limitation, Defendant Experian violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by Plaintiff with respect to the disputed information.

65.     On at least one occasion within the past year, by example only and without limitation, Defendant Experian violated 15 U.S.C. § 1681i(a)(5) by failing to delete the inaccurate information.

66.     Additionally, Defendant Experian negligently failed to report the accounts identified by Plaintiff as "disputed" in violation of 15 U.S.C. § 168li(c).

67.     Defendant Experian has negligently failed to comply with the FCRA. The failures of Defendant Experian to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b]  the failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccurate and derogatory credit  information after a reasonable request by Plaintiff; [d] the failure to promptly

and adequately  investigate information which Defendant Experian had notice was inaccurate; [e] the continual placement of  inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Defendant Experian to delete; and [h] the failure to take adequate steps to verify information Defendant Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

68.     The conduct, action, and inaction, of Defendant Experian was negligent, thereby rendering Defendant Experian liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681n.

69.     Plaintiff is entitled to recover reasonable costs and attorneys' fees from Defendant Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

70.     As a result of the conduct, action, and inaction of Defendant Experian, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

71.     WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Experian, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

### COUNT 3
### <u>WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT</u>
(Against Defendant Equifax)

72.     Plaintiff incorporates by reference the allegations regarding Defendant Equifax in paragraphs ¶¶ 1-33 of this Complaint.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301  |  Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

73.     Defendant Equifax prepared and issued consumer credit reports concerning Plaintiff which previously included the inaccurate and derogatory reporting of the fraudulent CCB Account charges and continues to include the same information concerning inaccurate and derogatory reporting of the CCB Account charges.

74.     In or around April 2024, Plaintiff disputed the inaccurate and derogatory information with Defendant Equifax.

75.     In or around May 28, 2024, Defendant Equifax verified that the fraudulent CCB Account charges were accurate and did not remove the accounts from Plaintiff's credit report.

76.     As of the filing of this complaint, Defendant Equifax is still reporting the fraudulent CCB Account charges on Plaintiff's Equifax credit report.

77.     Defendant Equifax is engaged in the business of credit reporting and is commonly referred to as a "Credit Bureau." Defendant Equifax regularly obtains and analyzes financial information about consumer transactions or experiences with any consumer.

78.     Defendant Equifax is a "consumer reporting agency" of consumers, as defined by § 1681a(f), and compiles the information into "credit reports," which it provides to third parties.

79.     Despite Defendant Equifax having received Plaintiff's dispute of the fraudulent CCB Account charges Defendant Equifax continues to report the fraudulent CCB Account charges as accurate.

80.     Continuing to report the status of the fraudulent CCB Account charges in this fashion is significant.

81.     By continuing to report the status of the fraudulent CCB Account charges in this fashion, lenders believe Plaintiff has had a recent, major delinquency negatively reflecting on Plaintiff's creditworthiness by impacting her credit score negatively.

82.     Credit scoring algorithms take Plaintiff's account status into consideration when

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

generating a credit score and showing this incorrect account status would cause a lower credit score to be generated.

83.    Defendant Equifax failed to conduct a reasonable investigation and reinvestigation.

84.    Defendant Equifax failed to review and consider all relevant information submitted by Plaintiff.

85.    Defendant Equifax failed to conduct an independent investigation and, instead, deferred to Comenity Capital Bank, when they permitted the derogatory information to remain on Plaintiff's credit report after Plaintiff's dispute.

86.    Defendant Equifax possessed evidence that the information was inaccurate as described by Plaintiff in the Dispute; however, Defendant Equifax failed to correct the information.

87.    Defendant Equifax's reporting of inaccurate information about the fraudulent CCB Account charges, which are the subject of the Dispute, despite evidence that said information is inaccurate demonstrates Defendant Equifax's failure to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and file.

88.    Defendant Equifax did not conduct any independent investigation after it received Plaintiff's dispute and, instead, chose to parrot the information it received from Comenity Capital Bank despite being in possession of evidence that the information was inaccurate.

89.    Without any explanation or reason, Defendant Equifax continues to report this false, inaccurate, or otherwise incomplete information, about Plaintiff.

90.    Plaintiff has suffered damages as a result of the incorrect reporting and Defendant Equifax's failure to correct the credit report pertaining to Plaintiff.

91.    On at least one occasion within the past year, by example only and without limitation, Defendant Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure the maximum possible accuracy in the preparation of the credit

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

reports and credit files published and maintained concerning Plaintiff.

92.     Defendant Equifax failed to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and credit files when investigating Plaintiff's disputes of the information contained in Plaintiff's Equifax credit report.

93.     Defendant Equifax's procedures were per se deficient by reason of these failures in ensuring the maximum possible accuracy of Plaintiff's credit reports and credit files.

94.     Defendant Equifax has willfully and recklessly failed to comply with the FCRA. The failures of Defendant Equifax to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] the failure to correct erroneous personal information regarding Plaintiff after a  reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccurate and  derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately investigate information which Defendant Equifax had notice was inaccurate; [e] the continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Defendant Equifax to delete; and [h] the failure to take adequate steps to verify information Defendant Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

95.     The conduct, action, and inaction of Defendant Equifax was willful, thereby rendering Defendant Equifax liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

96.     Plaintiff is entitled to recover reasonable costs and attorney's fees from Defendant

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

97.     The appearance of the account on Plaintiff's credit report, namely, the account identified by Plaintiff in Plaintiff's dispute to Defendant Equifax, was the direct and proximate result of Defendant Equifax's willful failure to maintain reasonable procedures to ensure the maximum possible accuracy of Plaintiff's credit report in violation of the 15 U.S.C. § 1681e(b).

98.     As a result of the conduct, action, and inaction, of Defendant Equifax, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

99.     WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Equifax, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1640(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3] statutory damages pursuant to 15 U.S.C. § 1640(a)(2); [4] after reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such, punitive damages pursuant to 15 U.S.C. § 1681n(a)(2); [5] costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1640(a)(3) and 1681n(a)(3); and [6] any other relief that this Court deems proper under the circumstances.

## COUNT 4
## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
(Against Defendant Equifax)

100.     Plaintiff incorporates by reference the allegations regarding Defendant Equifax in paragraphs ¶¶ 1-33 above of this Complaint.

101.     On at least one occasion within the past year, by example only and without limitation, Defendant Equifax violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation with respect to the disputed information.

102.     On at least one occasion within the past year, by example only and without

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

limitation, Defendant Equifax violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by Plaintiff with respect to the disputed information.

103.    On at least one occasion within the past year, by example only and without limitation, Defendant Equifax violated 15 U.S.C. § 1681i(a)(5) by failing to correct the inaccurate information.

104.    Additionally, Defendant Equifax negligently failed to report the accounts identified by Plaintiff as "disputed" in violation of 15 U.S.C. § 168li(c).

105.    Defendant Equifax has negligently failed to comply with the FCRA. The failures of Defendant Equifax to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b]  the failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccurate and derogatory credit  information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately  investigate information which Defendant Equifax had notice was inaccurate; [e] the continual placement of  inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed  the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Defendant Equifax to delete; and [h] the failure to take adequate steps to verify information Defendant Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

106.    The conduct, action, and inaction, of Defendant Equifax was negligent, thereby rendering Defendant Equifax liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681n.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

107.    Plaintiff is entitled to recover reasonable costs and attorneys' fees from Defendant Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

108.    As a result of the conduct, action, and inaction of Defendant Equifax, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

109.    WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Equifax, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

## COUNT 5
## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
(Against Defendant Trans Union)

110.    Plaintiff incorporates by reference the allegations regarding Defendant Trans Union in paragraphs ¶¶ 1-33 of this Complaint.

111.    Defendant Trans Union prepared and issued consumer credit reports concerning Plaintiff which previously included inaccurate and derogatory reporting of the CCB Account charges and continues to include the same information concerning inaccurate and derogatory reporting of the CCB Account charges.

112.    In or around April 2024, Plaintiff disputed this inaccurate and derogatory information with Defendant Trans Union.

113.    In or about May 2024, Defendant Trans Union verified that the fraudulent CCB Account charges were accurate and did not remove the fraudulent CCB Account charges from Plaintiff's credit report.

114.    As of the filing of this complaint, Comenity Capital Bank's derogatory and

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

inaccurate information is still listed on Plaintiff's Trans Union credit report.

115.     Defendant Trans Union is engaged in the business of credit reporting and is commonly referred to as a "Credit Bureau." Defendant Trans Union regularly obtains and analyzes financial information about consumer transactions or experiences with any consumer.

116.     Defendant Trans Union is a "consumer reporting agency" of consumers, as defined by § 1681a(f), and compiles the information into "credit reports," which it provides to third parties.

117.     Despite Defendant Trans Union having received Plaintiff's dispute of the fraudulent CCB Account charges, Defendant Trans Union continues to report the fraudulent CCB Account charges as adverse.

118.     Continuing to report the status of the fraudulent CCB Account charges in this fashion is significant.

119.     By continuing to report the status of the fraudulent CCB Account charges in this fashion, lenders believe Plaintiff has had a recent, major delinquency negatively reflecting on Plaintiff's creditworthiness by impacting his credit score negatively.

120.     Credit scoring algorithms take Plaintiff's account status into consideration when generating a credit score and showing this incorrect account status would cause a lower credit score to be generated.

121.     Defendant Trans Union failed to conduct a reasonable investigation and reinvestigation.

122.     Defendant Trans Union failed to review and consider all relevant information submitted by Plaintiff.

123.     Defendant Trans Union failed to conduct an independent investigation and, instead, deferred to Comenity Capital Bank, when they permitted the derogatory information to remain on Plaintiff's credit report after Plaintiff's dispute.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

124.    Defendant Trans Union possessed evidence that the information was inaccurate as described by Plaintiff in the Dispute; however, Defendant Trans Union failed to correct the information.

125.    Defendant Trans Union's reporting of inaccurate information about the CCB Account charges, which is the subject of the Dispute, despite evidence that said information is inaccurate, demonstrates Defendant Trans Union's failure to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and file.

126.    Defendant Trans Union did not conduct any independent investigation after it received Plaintiff's dispute and, instead, chose to parrot the information it received from CCB Account despite being in possession of evidence that the information was inaccurate.

127.    Without any explanation or reason, Defendant Trans Union continues to report this false, inaccurate, or otherwise incomplete information, about Plaintiff.

128.    Plaintiff has suffered damages as a result of the incorrect reporting and Defendant Trans Union's failure to correct the credit report pertaining to Plaintiff.

129.    On at least one occasion within the past year, by example only and without limitation, Defendant Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure the maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

130.    Defendant Trans Union failed to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and credit files when investigating Plaintiff's disputes of the information contained in Plaintiff's Trans Union credit report.

131.    Defendant Trans Union's procedures were per se deficient by reason of these failures in ensuring the maximum possible accuracy of Plaintiff's credit reports and credit files.

132.    Defendant Trans Union has willfully and recklessly failed to comply with the

FCRA. The failures of Defendant Trans Union to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] the failure to correct erroneous personal information regarding Plaintiff after a  reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccurate and  derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately investigate information which Defendant Trans Union had notice was inaccurate; [e] the continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Defendant Trans Union to delete; and [h] the failure to take adequate steps to verify information Defendant Trans Union had reason to believe was inaccurate before including it in the credit report of the consumer.

133.     The conduct, action, and inaction of Defendant Trans Union was willful, thereby rendering Defendant Trans Union liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

134.     Plaintiff is entitled to recover reasonable costs and attorney's fees from Defendant Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

135.     The appearance of the account on Plaintiff's credit report, namely, the account identified by Plaintiff in Plaintiff's dispute to Defendant Trans Union, was the direct and proximate result of Defendant Trans Union's willful failure to maintain reasonable procedures to ensure the maximum possible accuracy of Plaintiff's credit report in violation of the 15 U.S.C. § 1681e(b).

136.     As a result of the conduct, action, and inaction, of Defendant Trans Union, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

distress, mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

137.     WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Trans Union, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1640(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3] statutory damages pursuant to 15 U.S.C. § 1640(a)(2); [4] after reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such, punitive damages pursuant to 15 U.S.C. § 1681n(a)(2); [5] costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1640(a)(3) and 1681n(a)(3); and [6] any other relief that this Court deems proper under the circumstances.

## COUNT 6
## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
### (Against Defendant Trans Union)

138.     Plaintiff incorporates by reference the allegations regarding Defendant Trans Union in ¶¶ 1-33 above of this Complaint.

139.     On at least one occasion within the past year, by example only and without limitation, Defendant Trans Union violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation with respect to the disputed information.

140.     On at least one occasion within the past year, by example only and without limitation, Defendant Trans Union violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by Plaintiff with respect to the disputed information.

141.     On at least one occasion within the past year, by example only and without limitation, Defendant Trans Union violated 15 U.S.C. § 1681i(a)(5) by failing to delete the inaccurate information.

142.     Additionally, Defendant Trans Union negligently failed to report the accounts identified by Plaintiff as "disputed" in violation of 15 U.S.C. § 168li(c).

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

143.     Defendant Trans Union has negligently failed to comply with the FCRA. The failures of Defendant Trans Union to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b]  the failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccurate and derogatory credit  information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately  investigate information which Defendant Trans Union had notice was inaccurate; [e] the continual placement of  inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Defendant Trans Union to delete; and [h] the failure to take adequate steps to verify information Defendant Trans Union had reason to believe was inaccurate before including it in the credit report of the consumer.

144.     The conduct, action, and inaction, of Defendant Trans Union was negligent, thereby rendering Defendant Trans Union liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681n.

145.     Plaintiff is entitled to recover reasonable costs and attorneys' fees from Defendant Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

146.     As a result of the conduct, action, and inaction of Defendant Trans Union, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

147.     WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Trans Union, awarding Plaintiff the following relief: [1] actual damages

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 |  Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

Dated: June 14, 2024

Respectfully Submitted,

/s/ Gerald D. Lane, Jr.
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail: jibrael@jibraellaw.com
**ZANE C. HEDAYA, ESQ.**
Florida Bar No.: 1048640
E-mail: zane@jibraellaw.com
**GERALD D. LANE, JR., ESQ.**
Florida Bar No.: 1044677
E-mail: gerald@jibraellaw.com
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone: 954-907-1136

*COUNSEL FOR PLAINTIFF*

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com